IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LLOYD EMERSON EARL PALMER, II                                             PLAINTIFF

v.                                  Civil No. 4:23-cv-04041

DEPUTY WARDEN J. MINERS; and
DEBORAH ANN ARMSTRONG                                                    DEFENDANTS

## ORDER

Plaintiff, Lloyd Emerson Earl Palmer, II, originally submitted this 42 U.S.C. § 1983 action *pro se*, on April 4, 2023, in the Eastern District of Arkansas. (ECF No. 1). The case was transferred to this district on April 5, 2023. (ECF No. 2). Currently before the Court is Plaintiff's failure to comply with orders of the Court and failure to prosecute this matter.

On April 18, 2023, the Court ordered Plaintiff to submit an amended complaint and an application to proceed *in forma pauperis* ("IFP Application") because Plaintiff did not submit an IFP Application with his original complaint. (ECF No. 5). This Order was sent to Plaintiff's address of record, but it was returned as undeliverable mail on May 5, 2023. (ECF No. 6).

On May 8, 2023, Plaintiff informed the Court of his release and provided a new address. (ECF No. 7). All documents previously returned undeliverable were resent to the new address provided. (ECF No. 8).

Plaintiff failed to respond to the Court's April 18, 2023 Order to submit an amended complaint and an IFP Application. Accordingly, the Court entered an Order to Show Cause why Plaintiff did not respond to this April 18, 2023 order. (ECF No. 9). This Show Cause Order was not returned as undeliverable mail, and Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of August, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge